IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DON SMITH and JIMMY SMITH,**

           **Plaintiffs,**

vs.                                      No. CIV 02-1536 LCS/KBM

**VILLAGE OF RUIDOSO DOWNS,
VILLAGE OF RUIDOSO DOWNS MAYOR,
BOB MILLER, in his official and individual
capacity, VILLAGE OF RUIDOSO DOWNS
BOARD OF TRUSTEES, MARGIE MORALES,
JUDY MILLER, JIM BASSETT, and BONNIE
RICHARDSON, in their official and
individual capacities,**

           **Defendants.**

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** is before the Court on Defendants' Motion to Dismiss Counts III and V or Plaintiffs' Amended Complaint and for Summary Judgment on all Counts of Plaintiff's First Amended Complaint (Doc. 43), filed September 2, 2003. The Court, acting upon consent and designation pursuant to 28 U.S.C. § 636(c), and having reviewed the Motion and considered the submissions of counsel, relevant authorities, and being otherwise fully advised, finds that this Motion should be **GRANTED IN PART** and **DENIED IN PART**.

      **I. Background**

      This case arises out of the removal of Plaintiff Don Smith as ranking officer in the Village of Ruidoso Downs volunteer fire department, the institution of a termination proceeding against Plaintiff Jim Smith, and the institution of civil and criminal allegations against Plaintiffs for the alleged receipt of payment for services not rendered. (Am. Compl. ¶¶ 11, 12, & 14.) The

following facts are set forth in the light most favorable to Plaintiffs, the non-moving parties.  *See Simms v. Oklahoma ex rel. Dep't of Mental Health and Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

At all times material to this action, Plaintiff Jim Smith was a full-time classified and permanent employee of the Village of Ruidoso Downs fire department.  (Pl. Am. Compl. ¶7.) Plaintiff Don Smith was at all times material a partially paid member of that department.  (Id.) While Don Smith was employed with the Village fire department, the Village Board of Trustees authorized payments of $20.00 per run for service fire calls.  (Pl. Ex. B.)  Payments for other types of calls, including traffic control duties, were also authorized by then-mayor, Joe Hayhurst. (Id.)  Following the election of Bob Miller as Village Mayor, Don Smith spoke at a number of meetings of the Village Board of Trustees.  (Id.)  This speech was conducted on behalf of the volunteer fire department in opposition to new practices instituted by Mayor Miller and the new Village Board of Trustees.  (Id.)

On February 18, 2001, the Village of Ruidoso Downs filed a civil complaint against Plaintiff Jim Smith, demanding the return of unauthorized public monies he had allegedly received in his capacity as a volunteer fireman for the Village.  (Def. Ex. A.)  Subsequently, on or about October 23, 2001, a Grand Jury was convened in the Twelfth Judicial District to consider allegations that Plaintiffs Don Smith and Jim Smith, in their capacity as Village volunteer firemen, received public funds in excess of that authorized by the Village Board of Trustees.  (Def. Ex. D.) Both Plaintiffs were indicted by the Grand Jury on October 23, 2001 on ten counts of Receiving Public Money for Services not Rendered.  The Grand Jury certified that probable cause existed to bring charges against both Plaintiffs.  (Def. Ex. F, G.)

Plaintiffs brought numerous motions to quash the indictments on the basis that probable cause for the indictments did not exist. (Def. Ex. H-N.) On November 16, 2001, Plaintiffs filed a Motion to Dismiss Indictment based on allegations of Selective Prosecution. (Def. Ex. I.) On December 13, 2001 Plaintiffs filed a Motion to Quash Grand Jury Indictments and Memorandum in Support. (Def. Ex. H.) Also on December 13 2001, Plaintiffs filed Motions to Suppress Evidence on behalf of both Don Smith and Jim Smith. (Def. Ex. J & K.) The District Judge entered orders denying all such Motions. (Def. Ex. L-N.) At the close of the prosecution's case, Plaintiffs moved for a directed verdict. (Def. Ex. O.) The Court granted the Directed Verdict as to Count 6 for both Don Smith and Jim Smith. (Id.) As to the other counts, the Motion for Directed Verdict was denied. (Id.) Plaintiffs were acquitted of the remaining criminal counts. (Am. Compl. ¶ 15.)

## II. Standard

### a. Motion to Dismiss

A Rule 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In ruling on a motion to dismiss, the court must accept all the well-pleaded factual allegations of the complaint as true and view them in the light most favorable to the non-moving party. *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). In accepting the complaint's allegations as true, the court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted. *Ordinance 59 Ass'n v. United States Dep't of Interior Sec'y*, 163 F.3d 1150, 1152 (10th Cir. 1998).

3

**b.  Summary Judgment**

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and...the moving party is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(c).  Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits, "show that there is no genuine issue as to any material fact." *Id.*  When applying this standard, the Court examines the record and reasonable inferences in the light most favorable to the non-moving party. *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

The Movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)(quoting *First National Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).  The Movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986).  Once the Movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *See McGarry v. Pitkin Co.*, 175 F.3d 1193, 1201 (10th Cir. 1999).

**III.  Analysis**

**A.  Defendants' Motion to Dismiss Counts III and V of Plaintiffs' Complaint**

**i.  Count III; Malicious Prosecution under 28 U.S.C. § 1983**

In support of its Motion to Dismiss, Defendants argue that Count III should be dismissed because Plaintiffs cannot meet the requirements for the New Mexico common law tort of malicious prosecution. The New Mexico Supreme Court has combined the torts of malicious prosecution and abuse of process into a single tort known as malicious abuse of process. *DeVaney v. Thriftway Marketing Corp.*, 124 N.M. 512, 517-18 (1997)(noting that the torts of abuse of process and malicious prosecution have similar elements and served similar interests). The elements of this cause of action have been defined as follows: 1) the initiation of judicial proceedings against the plaintiff by the defendant; 2) an act by the defendant in the use of process other than such as would be proper in the regular prosecution of the claim; 3) a primary motive by the defendant in misusing the process to accomplish an illegitimate end; and 4) damages. *Id*. at 518-522.

Count III of Plaintiffs' Amended Complaint alleges all the elements of the tort of malicious abuse of process as outlined in *DeVaney*. Plaintiff first alleges that the decision to criminally prosecute Plaintiffs was the result of Defendants' facilitation of the prosecution by providing flawed documents to the District Attorney and grand jury. (Pl. Compl. at ¶ 29.) Plaintiffs also allege that Defendants were motivated by vindictive animus against Plaintiffs as a result of Plaintiffs' speech against the Defendants. (*Id*. at ¶ 31.) Plaintiffs further allege that they have suffered damages as a result of Defendants' actions. (*Id*. at ¶ 35.) Because I find that Plaintiffs allegations, standing alone, are sufficient to make out a claim for malicious abuse of process, the Court finds that Defendants' Motion to Dismiss Count III of Plaintiffs' Amended Complaint should be denied.

### ii. Count V; Violation of Plaintiff Don Smith's Liberty Interest under § 1983

In support of its Motion to Dismiss Count V of Plaintiffs' Complaint, Defendants argue that Plaintiff Don Smith could not have possessed a liberty interest in his employment with the Village fire department because he was in fact a volunteer rather than an employee. Proceeding with this reasoning, Defendants argue that Plaintiff Don Smith, as a volunteer, could not have had an employment contract with the Village. As such, they argue, Don Smith could not have held a property interest and therefore, could not have held a liberty interest in his employment. Accepting the well-pleaded allegations of Plaintiffs' Complaint as true and viewing them in the light most favorable to Plaintiffs, Defendants' contention must be rejected.

Plaintiffs' Amended Complaint clearly states that Plaintiff Don Smith was at all times material a partially paid member of the Village fire department. (Pl. Compl. ¶ 7.) An employee is defined as, "One who works for an employer; a person working for salary or wages." BLACK'S LAW DICTIONARY 525 (6th ed. 1990). Furthermore, "employer" is defined as "One who employs the services of others; one for whom employees work and who pays their wages or salaries. The correlative of "employee." (*Id.*) By contrast, "volunteer" is defined as "A person who gives his services without any express or implied promise of remuneration". *Id.* at 1576. Accepting the facts in Plaintiffs' Complaint in the light most favorable to Plaintiffs, it is clear that Plaintiff Don Smith did qualify as an employee of the Village and not a volunteer.

Defendants further argue that, because Don Smith did not have an employment contract, he could have had no legitimate expectation of continued employment under New Mexico law. Defendants correctly point out that the general presumption in New Mexico is one of at-will employment. *Hartbarger v. Frank Paxton Co.*, 115 N.M. 665, 668 (1993). However, the New

6

Mexico Supreme Court has recognized that this presumption can be overcome if a written or implied employment contract exists. *Id.*

Because this matter is before the Court on a Motion to Dismiss and the Court is relying solely on the Complaint, I cannot determine Don Smith's status as a protected employee or otherwise, or the extent to which he held a property interest in his employment. Therefore, I find that Defendants' Motion to Dismiss Count V of Plaintiff's Amended Complaint is not well-taken and should be denied.

### B. Defendants' Motion for Summary Judgment on All Counts

Before I consider the issues under review on Defendants' Summary Judgment Motion, it should be noted that Defendants admitted during oral argument at the Pre-Trial conference on February 3, 2004 that their Motion for Summary Judgment does not extend to Don Smith's claim for retaliation in violation of his First Amendment rights. Therefore, Don Smith's retaliation claim will not be assessed by the Court in considering Defendants' Motion for Summary Judgment. The Court will consider Plaintiff Jim Smith's retaliation claims only.

### i. Counts I & II for Civil Rights Violation and Retaliation

Examination of Counts I & II of Plaintiffs' Amended Complaint reveals that both Counts essentially state a claim for retaliation in violation of Plaintiffs' First Amendment rights under 28 U.S.C. § 1983. Defendants' Motion for Summary Judgment (Doc. 43) makes no argument about whether Plaintiffs' speech was protected, so for purposes of this Motion, the Court will treat Plaintiffs' speech as protected speech.

Plaintiffs' Amended Complaint states that Don Smith was demoted and prosecuted by the Village of Ruidoso Downs and that Jim Smith was sued civilly by the Village as well as

7

prosecuted. (Pl. Compl. ¶¶ 11-14 .) Defendants have shown that the grand jury indicted Plaintiffs and that their Motions to Quash the Subpoena, to Suppress Evidence and to Dismiss the indictment were all denied by the trial court. (Def. Ex. F-N.) Defendants have also shown that Plaintiffs' Motion for a Directed Verdict was granted as to only one Count of the indictment. (Def. Ex. O.)

In order to demonstrate retaliation for speech, Plaintiffs' must make a showing of some type of vindictive animus on the part of Defendants. *See Wolford v. Lasater*, 78 F.3d 484, 488 (10th Cir. 1996). Plaintiffs are correct to point out that a decision to prosecute which is motivated by a desire to discourage protected speech or expression violates the First Amendment and is actionable under § 1983. *Gehl Group v. Koby*, 63 F.3d 1528, 1534 (10th Cir. 1995). In *Gehl*, the Court held that in a vindictive prosecution action, the ultimate inquiry is whether, as a practical matter, there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for the hostility or punitive animus towards the claimant because he exercised his specific legal rights. *Id.*

In a motion for summary judgment, Defendants must first demonstrate that no genuine issue exists as to any material fact. *Adickes*, 398 U.S. at 157. The finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause. *Ex Parte United States*, 287 U.S. 241, 250 (1932). Defendants have therefore discharged their initial burden of showing there is no genuine issue as to any material fact. *Adickes*, 398 U.S. at 157. The burden therefore shifts to Plaintiff to show a genuine issue for trial. *McGarry*, 175 F.3d at 1201. In my view, Plaintiffs have not shown evidence that a triable fact exists on the issue of whether they were prosecuted as a result of exercising their rights under

the First Amendment. As evidence of retaliation in violation of the First Amendment, Plaintiffs point to the fact that certain questions were not asked of witnesses during the grand jury proceeding (Pl. Ex. A.) However, Plaintiffs' main contention that they were retaliated against seems to be that they became the subject of a criminal prosecution. Plaintiffs' showing on this point is not enough to make a case that they were retaliated against in violation of the First Amendment under the law of this Circuit. *See Wolford*, 78 F.3d at 488. Accordingly, Defendants' Motion on Counts I and II with respect to the criminal charges against Plaintiffs must be granted.

### ii. Count III for Malicious Prosecution under §1983

Count III of Plaintiffs' Amended Complaint alleges that Defendants' decided to criminally prosecute Plaintiffs and that the prosecution was substantially caused by the Defendants as a result of vindictive animus towards Plaintiffs. It is generally accepted that the common law of torts is the starting point for determining the contours of a malicious prosecution claim under § 1983. *Heck v. Humphrey*, 512 U.S. 477 (1994). As outlined *supra*, the elements of malicious abuse of process under New Mexico state tort law are; 1) the initiation of judicial proceedings against the plaintiff by the defendant; 2) an act by the defendant in the use of process other than such as would be proper in the regular prosecution of the claim; 3) a primary motive by the defendant in misusing the process to accomplish an illegitimate end; and 4) damages. *DeVaney*, 124 N.M. at 518.

It has long been settled that the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer. *Higgason v. Stephens*, 288 F.3d 868, 877-78 (6th Cir.

9

2002)(quoting *Ex Parte United States*, 287 U.S. 241, 250 (1932)).[1] Because the Defendants have made a showing that a properly constituted grand jury returned an indictment against Plaintiffs, the burden shifts to Plaintiffs to show that Defendants violated their rights under § 1983. *See Matsushita Electric*, 475 U.S. at 157.

Plaintiffs are correct to point out that it is a violation of the Fourth Amendment for an affiant to "knowingly, or with reckless disregard for the truth," include false statements in the affidavit, or to knowingly or recklessly omit from the affidavit information which would have vitiated probable cause. *See Franks v. Delaware*, 438 U.S. 154, 155-56 (1978), and *Stewart v. Donges*, 915 F.2d 572, 581-83 (10th Cir. 1990). In cases where false statements have been included in an affidavit or where information is omitted from an affidavit, the existence of probable cause can be determined by either setting aside the false information and reviewing the remaining facts or by examining the affidavit as if the omitted information had been included. *Wolford*, 78 F.3d at 489.

Turning to the present case, Defendants have discharged their burden of establishing a genuine issue for trial by showing an absence of evidence to support Plaintiffs' case. Plaintiffs' therefore have the burden of showing that false information was intentionally presented to the grand jury as a result of Defendants' actions or that exculpatory information was intentionally omitted due to the actions of Defendants. *Celotex Corp.*, 477 U.S. at 322. Plaintiffs' have failed to make this showing. To support their claim for malicious prosecution under § 1983, Plaintiffs have provided this Court with their belief that certain persons who testified before the grand jury

---

[1] It also appears from *Higgason* that Defendants may be entitled to qualified immunity. *Id.* at 578. However, because Defendants did not raise this argument in their Motion for Summary Judgment, the issue of qualified immunity will not be considered by this Court.

10

provided incorrect information, or that the District Attorney failed to present evidence that would allegedly have been exculpatory to Plaintiffs. Based on this information alone, I cannot find that the allegedly incorrect information or the allegedly exculpatory facts would have vitiated probable cause for the grand jury indictment. Furthermore, under the *Franks* standard, to rise to the level of a Fourth Amendment violation, the false statements must have been made (or exculpatory statements omitted under *Stewart*) knowingly, or with reckless disregard for the truth. *Wolford*, 78 F.3d at 489. Plaintiffs have failed to present this Court with evidence that Defendants' actions, if facts were in fact incorrect or omitted, rose to the level of knowing or reckless disregard for the truth. As such, Defendants' motion for summary judgment on this count must be granted.

### iii. Count IV for Violation of Jim Smith's Liberty Interest

Count IV of Plaintiff's Amended Complaint alleges that Plaintiff Jim Smith's liberty interest was violated in that Defendants instituted a pre-termination hearing against him as a result of bringing unfounded criminal charges and facilitating his prosecution by the District Attorney. (Am. Compl. ¶ 40.) Jim Smith cannot show a violation of a liberty interest based on the proffered evidence.

Defendants have discharged their burden by showing an absence of evidence to support Plaintiffs' case. *See Celotex*, 477 U.S. at 323. The burden therefore shifts to Plaintiffs to demonstrate a genuine issue for trial. *McGarry*, 175 F.3d at 1201. The Tenth circuit has imposed four requirements on an employee asserting a claim for violation of a liberty interest. The Plaintiff must show that, 1) the defendant made a statement impugning his good name, reputation, honor or integrity; 2) the statement was false; 3) the defendant made the statement in the course of termination proceedings or the statement foreclosed future employment opportunities; and 4) the

statement was published. *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 526 (10th Cir. 1998).

While Plaintiff Jim Smith may have suffered adverse financial consequences due to the filing of criminal charges against him by the district attorney, he has failed to make a showing that Defendants violated his liberty interest in the manner described in *Tonkovich*. *Id.* Because Plaintiff Jim Smith has not offered evidence tending to show Defendants violated his liberty interest, Defendants' motion for summary judgment on Count IV should be granted.

### iv. Count V for Violation of Don Smith's Liberty Interest

Count V of Plaintiffs' Amended Complaint alleges that Plaintiff Don Smith's Liberty Interest was violated by Defendants in that he was demoted from his position in the Village fire department and that he was stigmatized as a result of Defendants' actions and suffered damages to be proven at trial. (Am. Compl. ¶¶ 49-54.) Don Smith cannot show violation of a Liberty Interest based on the proffered evidence.

Defendants have also discharged their burden as to Don Smith by showing an absence of evidence to support Plaintiffs' case. *Celotex*, 477 U.S. at 323. The burden therefore shifts to Don Smith to demonstrate a genuine issue for trial. *McGarry*, 175 F.3d at 1201. As mentioned *supra*, Plaintiff Don Smith must make a four-part showing under *Tonkovich* to establish that Defendants violated his liberty interest. *Id.* As in the case of Plaintiff Jim Smith, the Court recognizes that Don Smith may have experienced financial and other difficulties as a result of criminal charges being brought against him by the District Attorney. However, Plaintiff Don Smith has not made the required showing under *Tonkovich* to demonstrate a violation of his liberty interest by Defendants. Therefore, summary judgment as to Count V of Plaintiffs'

Amended Complaint must be granted.

### IV.  Conclusion

Upon review of the evidence presented on Defendants' Motion to Dismiss Counts III and V of Plaintiffs' Amended Complaint or for Summary judgment on all counts of Plaintiff's Complaint, this Court has determined that Defendants' Motion to Dismiss should be **DENIED** as to both Counts III and V.  The Court has further determined that Defendants are entitled to judgment as a matter of law on Plaintiffs' claims for malicious prosecution under § 1983 and for violation of a liberty interest under § 1983.  Defendants are also entitled to judgment as a matter of law on Plaintiffs' claims for retaliation in violation of the First Amendment, to the extent these claims deal with the criminal charges against Plaintiffs.  Accordingly, Defendants' Motion for Summary Judgment on these claims shall be **GRANTED**.

I discern that there are, therefore, two issues left for trial: a) Jim Smith's First Amendment retaliation claim based on the **civil** action (Am. Compl. ¶¶ 14, 24, 34) and b) Don Smith's First Amendment retaliation claim for his having been demoted (Id. at ¶ 11, 50).  Defendants did not move for nor meet their burden in connection with either claim.  Thus, summary judgment on these two claims, to the extent it was requested, is hereby **DENIED**.

**IT IS SO ORDERED**.

**IT IS FURTHER ORDERED** that this matter is set for final telephonic Pretrial Conference on **March 15, 2004** at **11:00a.m.** at **(505) 528-1460**.  Plaintiffs' counsel shall be responsible for coordinating and initiating the call.  A long distance carrier is recommended to ensure sound quality.

**A SUMMARY JUDGMENT CONSISTENT WITH THIS OPINION SHALL**

13

**ISSUE**.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**